IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00072-01-CR-W-NKL |
| ROBERT D. BARNES, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On February 1, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.    BACKGROUND*

On March 3, 2009, an indictment was returned charging defendant with one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on February 1, 2010. Defendant was present, represented by Assistant Federal Public Defender William Raymond. The government was represented by Assistant United States Attorney Brent Venneman. The proceedings were recorded and a transcript of the hearing was filed on February 1, 2010.

## II.     AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are

2

substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III.     FINDINGS OF FACT

1. On March 3, 2009, an indictment was returned charging defendant with one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Tr. at 3-4).

2. The statutory penalty for count one is not more than 30 years in prison, not more than $2 million fine, not less than six years supervised release, and a $100 special assessment (Tr. at 4-6). The statutory penalty for count two is not more than 30 years in prison, not more than $2 million fine, not less than six years supervised release, and a $100 special assessment (Tr. at 6). The government filed an § 851 notice which increases the maximum penalty on both

count from 20 years to 30 years (Tr. at 4-6).

  3. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6-7);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

    c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

    d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7-8);

    e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 8); and

    f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 8).

    g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9).

  4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

  5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9-10). Defendant was further

informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10-11).

7. The government made the following factual basis for the plea:

> On February 5th, 2009, the Kansas City Police Street Narcotics Unit contacted the defendant in this case, Mr. Robert D. Barnes. The detective, operating in an undercover capacity, ordered or made arrangements to purchase a quantity of . . . cocaine base from the defendant Mr. Barnes. He did then -- he met the defendant, Mr. Barnes, near an address at 1709 Gillespie in Kansas City, Missouri. He purchased 1.45 grams of cocaine base from Mr. Barnes. This weight was confirmed as well as the type of substance by the Kansas City Crime Lab. Later the same day, the undercover detective with the Kansas City, Missouri Police Department again called Mr. Barnes to order or purchase a quantity of cocaine base. They agreed upon a location to meet, again 1709 Gillespie. But before the meeting other officers followed Mr. Barnes, arrested him and found in his pocket an additional quantity cocaine base, the weight being 3.37 grams.

(Tr. at 10-11).

8. Defendant was placed under oath (Tr. at 11) and admitted the following: Sometime around February 5, 2009, he was in the Western District of Missouri and knowingly and intentionally distributed cocaine base which he knew was against the law; and that he knowingly possessed with intent to distribute cocaine base (Tr. at 11-13).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 13). In addition, I went through the plea agreement with defendant (Tr. at 13-17).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 17).

5

11. Defendant is satisfied with the advice and guidance he has received from Mr. Raymond (Tr. at 18). There is nothing Mr. Raymond did that defendant did not want him to do (Tr. at 18). There is nothing defendant wanted Mr. Raymond to do that he did not do (Tr. at 18).

12. Defendant is 30 years of age (Tr. at 18). He has a tenth grade education, and he had no difficulty understanding the proceedings (Tr. at 18). Defendant has no physical, mental health, or substance abuse issues (Tr. at 18-19). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 18).

13. Defendant tendered a plea of guilty to the crimes charged in counts one and two of the indictment (Tr. at 19).

## IV. ELEMENTS OF THE CHARGED OFFENSES

The elements necessary to sustain a conviction for distributing cocaine base are:

One, the defendant intentionally transferred cocaine base; and

Two, at the time of the transfer, the defendant knew that it was cocaine base.

Eighth Circuit Model Criminal Jury Instruction 6.18.841B.

The elements necessary to sustain a conviction for possession with intent to distribute cocaine base are:

One, the defendant was in possession of cocaine base;

Two, the defendant intended to be in possession of cocaine base; and

Three, the defendant intended to distribute some or all of the cocaine base to another person.

Eighth Circuit Model Criminal Jury Instruction 6.18.841A.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and two of the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and two of the indictment.

                                                                    */s/ Robert E. Larsen*
                                                               ROBERT E. LARSEN
                                                               United States Magistrate Judge

Kansas City, Missouri
February 5, 2010